PER CURIAM.
Luden Lallouz, the defendant below, appeals from a nonfinal order denying his motion to dismiss on the basis of forum non conveniens. We affirm.
Lallouz, a resident of Broward County, was the personal guarantor on two contracts with D.E.T. Card; he was also the merchant signatory. The contracts contained a forum selection clause designating Dade County as the site for resolution of disputes. The clause provided that “Florida law shall govern this Agreement. Merchant consents to the exclusive jurisdiction of the Federal and State courts located in Dade County, Florida to enforce this Agreement.” (emphasis added).
Although the complaint was brought on the guarantees and not the contracts themselves, the guarantees provide that “the undersigned, personally, notwithstanding the capacity in which same is executed, guarantee[s] that all credits provided to Gusto and cardholders pursuant to the terms of this Agreement will be honored.” (emphasis added). Therefore, it is not relevant that the forum selection clause referred to the merchant instead of the guarantor. Not only are they one and the same in this case; the terms of the guarantee itself are subject to the terms of the underlying agreement, which contains the forum selection clause. See, e.g., OBS Co. v. Pace Constr. Corp., 558 So.2d 404, 406 (Fla.1990) (“It is a generally accepted rule of contract law that, where a wilting expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to interpreted as part of the writing.”).
We find no merit in the remaining points on appeal.
AFFIRMED.